UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| RALPH E. LIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-cv-618 |
| | ) | (Phillips/Shirley) |
| MICHAEL J. ASTRUE, | ) | |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

**I.    Introduction**

This Social Security appeal is before the Court for consideration of the Plaintiff's objection [Doc. 17] to the Report and Recommendation ("R&R") issued by United States Magistrate Judge C. Clifford Shirley on January 23, 2013 [Doc. 16]. For the reasons that will follow, the Court **OVERRULES** the Plaintiff's objections and **AFFIRMS** Magistrate Judge Shirley's finding that Plaintiff's Motion for Summary Judgment [Doc. 12] should be **DENIED** and the Commissioner's Motion for Summary Judgment [Doc. 14] should be **GRANTED**.

**II.    Background**

The following facts are taken from the R&R.

On March 10, 2009, the Plaintiff filed an application for a period of disability, disability insurance benefits, and/or supplemental security income, claiming a period of disability, which began on December 6, 2008. [Tr. 137-47]. After his application was initially denied and denied again upon reconsideration, the Plaintiff requested a hearing. [Tr. 96]. On September 2, 2010, a

1

hearing was held before an ALJ to review the Plaintiff's claim. [Tr. 31-62]. On November 10, 2010, the ALJ found that the Plaintiff was not disabled. [Tr. 12-25]. The Appeals Council denied the Plaintiff's request for review; thus, the decision of the ALJ became the final decision of the Commissioner.

The Plaintiff now seeks judicial review of the Commissioner's decision.

### a. ALJ FINDINGS

The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2012.

2. The claimant has not engaged in substantial gainful activity since December 6, 2008, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairment: major depressive disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except never climbing ladders, ropes or scaffolds, but can occasionally climb ramps/stairs, stoop, kneel, crouch, and crawl. He is limited to tasks requiring only occasional peripheral acuity. Claimant is further limited to simple, routine and repetitive tasks with one to four step instructions in a low stress environment, meaning the position requires him to only occasionally make work-setting decisions. The claimant is further limited to occasional interaction with co-workers and supervisors with no contact with the general public.

6. The claimant is capable of performing past relevant work as a laborer. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from December 6, 2008, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

2

### III. Standard of Review

Judicial review of a Commissioner's decision is limited to an inquiry into whether the Commissioner failed to apply correct legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405(g); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). It is immaterial whether the record also possesses substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge would have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The scope of the Court's review is limited to an examination of the record only, and the Court "'may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility.'" *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted).

### IV. Plaintiff's Objections

The Plaintiff raises four objections to the R&R: 1) Mr. Light is *per se* disabled under the Medical Listing 12.04; 2) the ALJ failed to follow the "treating physician rule;" 3) the ALJ failed to properly evaluate Mr. Light's credibility; and, 4) the ALJ relied upon flawed vocational expert testimony. [Doc. 17]. These objections are identical to the objections that the Plaintiff raised against the Commissioner and were addressed by the Magistrate Judge.

## V. Analysis

### a. Medical Listing 12.04

The Plaintiff argues that the Magistrate Judge erred when it affirmed the ALJ's finding that the Plaintiff is not *per se* disabled under Medical Listing 12.04. To fulfill the criteria of Medical Listing 12.04, a claimant must fulfill both the "A" and "B" criteria. Fulfillment of the "B" criteria requires that the claimant demonstrate at least two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration.

The ALJ found that the Plaintiff did not satisfy the "B" criteria. The Magistrate Judge found that there was sufficient evidence in the record to support the Commissioner's finding. In addition, the Magistrate Judge noted that issues regarding disability are reserved to the Commissioner; consequently, the Judge Shirley found that the Plaintiff's argument was not well-taken. The Court is in complete agreement with the Magistrate Judge's finding in that regard.

### b. Treating Physician Rule

The Plaintiff argues that the ALJ erred by not giving Dr. Javed's opinions controlling weight. The Magistrate Judge agreed with the Commissioner and the Court agrees with both the Magistrate Judge and the Commissioner. When an ALJ does not give a treating physician's opinion controlling weight, the ALJ must always give "good reasons" for the weight given to a treating source's opinion in the decision. 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2). A decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion,

4

supported by evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for the weight." SSR 96-2p, 1996 WL 374188, at *5 (1996). Nonetheless, the ultimate decision of disability rests with the ALJ. King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).

As Magistrate Judge Shirley points out, the ALJ discussed Dr. Javed's opinions in length. It was only after considering the opinions of Dr. Javed that the ALJ stated that his opinions were not entitled to controlling weight. [Tr. 23]. The Court sees no evidence of any abuse of discretion in the ALJ's findings, and the Court finds that the ALJ's decision was supported with the appropriate level of specificity to support the ALJ's conclusion.

### c. Credibility

The Plaintiff argues that the ALJ erred in evaluating his credibility. "In the alternative," the Plaintiff argues that, "the ALJ's findings cannot sustain a conclusion that he is not credible." [Doc. 17 at 6]. Judge Shirley found that the ALJ "Adequately explained her credibility assessment…Moreover, as the ALJ noted, the medical records are inconsistent with the Plaintiff's complaints, including most of Dr. Javed's records, which indicate that the Plaintiff is not overtly depressed. " [Doc. 16 at 20-21].

As a general rule, an ALJ's credibility determination is entitled to substantial deference. Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 476 (6th Cir. 2003). However, the regulations provide a non-exhaustive list of considerations that should inform an ALJ's credibility assessment: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the claimant takes to alleviate pain or other symptoms; (5) treatment, other than medication, the claimant received for relief of pain or

5

other symptoms; (6) any measures the claimant used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 404.1529(c); Tell v. Comm'r of Soc. Sec., No. 11-cv-15071, 2012 WL 3679138, at *11 (E.D. Mich. July 13, 2012).

Here, the Court is in agreement with Judge Shirley that the ALJ adequately explained her credibility assessment and the Court fully adopts the Magistrate Judge's analysis of this issue.

### d. Vocational Expert Testimony

The Plaintiff's final objection is that the ALJ did not accurately describe his limitations to the vocational expert. [Doc. 17 at 18]. The Plaintiff argues that, "for the reasons put forth in the arguments, *supra,* Plaintiff disputes that the ALJ's RFC was based on substantial evidence. [Doc. 17 at 11]. It is not clear to the Court which "arguments" the Plaintiff is referring to that are distinct from Plaintiff's other rejected objections. The Plaintiff appears to assume that his objections to the R&R on this issue are self-evidently distinct; but, the Plaintiff is mistaken. Since the Court cannot assume the Plaintiff's position, the Court cannot address this objection any further than to say that the Court fully accepts the reasoning and conclusions of the R&R.

The Plaintiff's objections to the R&R has no legal viability; accordingly, the Plaintiff's Objection to the R&R [Doc. 17] is **OVERRULED .**

## VI. Conclusion

For the aforementioned reasons, the Court **OVERRULES** Plaintiff's objections to the R&R [Doc. 17] and **AFFIRMS** Magistrate Judge Shirley finding that Plaintiff's Motion for

6

Summary Judgment [Doc. 12] is **DENIED** and the Commissioner's Motion for Summary Judgment [Doc. 14] is **GRANTED**.

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge